# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOSEPH SNYDER,<br><br>    Plaintiff,<br><br>v.<br><br>NABORS GARAGE DOORS, LLC, et al.,<br><br>    Defendants. | Civil Action File No.:<br><br>1:20-cv-02101-TCB |

## DEFENDANTS' INITIAL DISCLOSURES

(1)  If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**RESPONSE:** Defendants are properly identified.

(2)  Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**RESPONSE:**

None.

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**RESPONSE:**

Defendant Nabors Garage hired Joseph Snyder in February of 2018 as a service technician. Defendants hired Plaintiff knowing that he was a member of the Georgia Army National Guard and that he had weekend drill requirements as a part of his service. Plaintiff's employment was marked with poor performance, including absenteeism unrelated to his guard duties, tardiness, improper use of company vehicles, removal or misuse of company tools and/or equipment and general unreliability. Defendant fired Plaintiff because of his poor performance on July 27, 2019. Upon terminating Plaintiff, Defendant learned that Plaintiff stole tools from his former employer and used those tools while working for Defendant. Defendant returned the stolen tools to Plaintiff's former employer. Plaintiff did not reapply for his position. If Plaintiff had reapplied for his position, he would not have been rehired as a result of his history of poor performance and because Defendant learned that Plaintiff stole tools and used those stolen tools while working for Defendant.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant

contends are applicable to this action.

**RESPONSE:**

38 U.S.C. § 4301, et seq. (USERRA)

*Coffman v. Chugach Support Servs., Inc.,* 411 F.3d 1231 (11th Cir. 2005) (prima facie case).

*Hays v. Commc'n Techs., Inc.*, 753 F.Supp.2d 891 (S.D.Iowa 2010) (reemployment is unreasonable when employee fired for legitimate, non-service related reasons).

(5)     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**RESPONSE:**

See Attachment A.

(6)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

**RESPONSE:**

None at this time.

(7)　Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**RESPONSE:**

See Attachment C.

(8)　In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**RESPONSE:**

Defendants do not claim damages.

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**RESPONSE:**

Not applicable.

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE:**

None.

/s/ A. Lee Parks, Jr.

| | |
|---|---|
| **PARKS, CHESIN & WALBERT, P.C.** | A. Lee Parks, Jr. |
| 75 Fourteenth Street, 26th Floor | Georgia Bar No. 563750 |
| Atlanta, GA  30309 | lparks@pcwlawfirm.com |
| Telephone: 404-873-8000 | Andrew Y. Coffman |
| Facsimile:  404-873-8050 | Georgia Bar No. 173115 |
| *Counsel for Defendants* | acoffman@pcwlawfirm.com |

## CERTIFICATE OF SERVICE AND
## COMPLIANCE WITH LOCAL RULE 5.1(C)

I certify on October 16, 2020, that I filed **DEFENDANT'S INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

I also certify that the foregoing has been prepared in a Times New Roman 14 point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

                                                              _____
                                                              Andrew Y. Coffman
                                                              Georgia Bar No. 173115
                                                              acoffman@pcwlawfirm.com

## ATTACHMENT A

1. Serena Meador – Ms. Meador is a named party and may be contacted through undersigned counsel of record. Ms. Meador is knowledgeable about Plaintiff's employment, the circumstances of his hiring, his performance, the reasons for his termination, and the reasons why he is ineligible for rehire.

2. Mitchell Schaker – Mr. Schaker is a named party and may be contacted through the undersigned counsel of record. Mr. Schaker is knowledgeable about Plaintiff's employment, the circumstances of his hiring, his performance, the reasons for his termination, and the reasons why he is ineligible for rehire.

## ATTACHMENT C

1. Plaintiff's termination notice
2. Email correspondence regarding performance issues
3. Timesheets
4. Text messages