UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOSEPH SNYDER,  CASE NO.: 1:20-cv-02101-TCB

    Plaintiff,

v.

NABORS GARAGE DOORS, LLC,
SERENA MEADOR,
RONNIE MEADOR, and
MITCHELL SCHAKER

    Defendant.
_____/

**PLAINTIFF'S INITIAL DISCLOSURES**

Plaintiff, **JOSEPH SNYDER**, makes the following disclosures in accordance with Rule 26(a)(1)(A)(i-iii) and 26(a)(1)(C), Federal Rules of Civil Procedure:

    A.    Rule 26(a)(1)(A)(i),Federal Rules of Civil Procedure, requires disclosure of the name and, if known, the address and telephone number of each individual likely to have discoverable information relative to the disputed facts alleged with particularity in the pleadings, identifying the subjects of the information. Plaintiff has conducted the reasonable inquiry required under Rule 26(g), and, to the best of the Plaintiff's knowledge, information and belief, the disclosure is complete and correct as of the time that it is made. Plaintiff, however, reserves the right to supplement this list upon discovery of additional information which may be relevant to this action:

    1.    Plaintiff

2. All persons identified by Defendant in its Rule 26 disclosures. Plaintiff relies on the information provided by Defendant in its rule 26 disclosures as to the knowledge of each such witness about claims and defenses. Plaintiff will supplement this report if needed after depositions and additional information is gathered.

3. All persons identified by Defendant and Plaintiff in any answers to any interrogatories. Plaintiff relies on the information provided by Defendant about the role and relevant knowledge held by each witness and will supplement this response if and when additional information is obtained.

4. All persons noticed and/or deposed during discovery. Plaintiff lists this category of potential witnesses in an abundance of caution. To Plaintiff's knowledge no one has yet been noticed for deposition. Plaintiff anticipates that witnesses on Defendant's Rule 26 disclosure, as well as the Plaintiff, will be deposed. At this point, Plaintiff relies on Defendant's Rule 26 disclosure.

5. All records custodians of any and all records Plaintiff seeks to introduce as evidence at trial. Plaintiff lists this category in an abundance of caution. Plaintiff anticipates that the parties will cooperate in authenticating documents and that records custodians will not be necessary. However, in the event they are, Plaintiff will call records custodians as to any and every document produced during this case whether from the parties or third parties, as needed to authenticate documents that are not otherwise stipulated as authentic by the parties.

6. One or more of Plaintiff's family members and personal friends, having knowledge of emotional damages occasioned to Plaintiff by Defendant's activities as follows, as well as the work ethic and character of Plaintiff:

   **Carla L. Rhodes**, spouse of Plaintiff, 45 Hedgerose Drive., Newnan, GA 30265, (470) 347-0659 – has knowledge of the employment actions taken against Plaintiff, may have knowledge of other claims and defenses in this matter.

>**James Meador**, Friend/ Boss, 341 Chesapeake Way, Rockmart, GA 30153, (972) 439-7661 – has knowledge of Plaintiff's employment history, knowledge of the way employees were treated and may have knowledge of other claims and defenses in this matter.

7. The following current and former employees of Defendant may have knowledge of Plaintiff's work performance and/or knowledge of Defendant's discrimination against Plaintiff:

   >**Serena Meador**, Owner of Nabors Garage Doors, LLC, c/o Defendant, - has knowledge of final decision making authority over employment matters and may have knowledge of other claims and defenses in this matter.

   >**Ronnie Meador**, Manager of Nabors Garage Doors, LLC and husband of owner, Serena Meador, c/o Defendant – has knowledge of being intimately involved in supervising Plaintiff and may have knowledge of other claims and defenses in this matter.

   >**Mitchell Schaker,** General Manager of Nabors Garage Doors, LLC - has knowledge of Plaintiff's status as a member of GaARNG and failing to reemploy/terminating Plaintiff and may have knowledge of other claims and defenses in this matter.

   >**Tim Yager**, Owner of Precision Doors, Former Employer of Plaintiff – has knowledge of Plaintiff's employment history and employment claim.

Plaintiff reserves the right to amend these disclosures as is necessary once discovery reveals additional persons with knowledge regarding the facts/circumstances of Plaintiff's claims.

**B.   Rule 26(a)(1)(A)(ii), Federal Rules of Civil Procedure, requires disclosure of a copy or a description by category and location of, all documents, data, compilations, and tangible things in the possession, custody or control of the party that are relevant to the disputed facts alleged with particularity in the pleadings. Plaintiff reserves the right to**

**supplement this list as additional information becomes available. Plaintiff has performed a good faith examination of the pleadings and of all documents in Plaintiff's possession and makes the following disclosure of documents that may be relevant:**

Email/text messages from Defendant regarding termination.

**C.   Rule 26(a)(1)(A)(iii),Federal Rules of Civil Procedure, requires a computation of any category of damages claimed by the disclosing party, making available for inspection and copying under Rule 34 the documents or other evidentiary material not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered. Plaintiff, to the extent that these documents are available, identifies the following:**

1. Plaintiff has not finished computing his damages as they are ongoing. Plaintiff however, intends to seek all damages available under the law, including back and front pay, lost benefits, compensatory damages and attorneys' fees.

2. Plaintiff is entitled to damages relating to lost wages and benefits as well as liquidated damages. Plaintiff submits that the decision of how much to award for the full complement of these damages, to include liquidated damages, belongs to the jury and to the jury alone.

**D.   Rule 26(a)(1)(A)(iv), Federal Rules of Civil Procedure, requires disclosure of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiff has no such insurance policy but reasonably believes that a policy of insurance covers Defendant's actions in this case.

>                Respectfully submitted,
>                **MORGAN & MORGAN, P.A.**
>
>                **/s/ THOMAS L. DICKENS, III**
>                Thomas L. Dickens, III,  Esq.

        Florida Bar No.: 063687
**/s/ADEASH A. LAKRAJ**
Adeash A. Lakraj
Georgia Bar No. 444848
91 Peachtree St. NE, Suite 4200
Atlanta, GA 30303
Telephone: (404) 965-1909
              (407) 420 1414
Facsimile: (407) 245-3342
Email:
tdickens@forthepeople.com
alakraj@forthepeople.com
mfermaint@forthepeople.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 19th date of October, 2020, the foregoing Plaintiff's Rule 26(b)(1) Initial Disclosures were served via email transmission to counsel for Defendant: A. Lee Parks, Jr, Esq. and Andrew Y. Coffman, Esq., PARKS, CHESIN & WALBERT, P.C., 75 Fourteenth Street, 26th Floor, Atlanta, GA 30309, emails: lparks@pcwlawfirm.com and acoffman@pcwlawfirm.com.

**MORGAN & MORGAN, P.A.**

**/s/ THOMAS L. DICKENS, III**
Thomas L. Dickens, III, Esq.
Florida Bar No.: 063687
**/s/ADEASH A. LAKRAJ**
Adeash A. Lakraj
Georgia Bar No. 444848
Counsel for Plaintiff