**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

JOSEPH SNYDER,

     Plaintiff,

v.

NABORS GARAGE DOORS, LLC, et
al.,

     Defendants.

CIVIL ACTION FILE NO:

1:20-cv-02101-TCB

## PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S BILL OF COSTS

Plaintiff, JOSEPH SNYDER, by and through his counsel, hereby prayerfully requests this Honorable Court deny Defendant's costs in congruence with the law cited herein.

## MEMORANDUM

In this employment action against the Nabors Garage Doors, LLC, Serena Meador, Ronnie Meador and Mitchell Schaker (collectively, "Defendants") for violations of the Uniformed Services Employment and Reemployment Rights Act (Count I-II), the Court granted the Defendants' Motion for Summary Judgment and denied Plaintiff's Motion for Partial Summary Judgment on March 15, 2022 [ECF 54].

On March 21, 2022, Defendants filed there Bill of Costs ("the Bill") [ECF

56], seeking assessment of the full cost of litigation pursuant to Rule 54(d) and Plaintiff hereby timely objects to the Bill filed by Defendants.   The law discussed below, however, provides that no costs shall be taxed against this Plaintiff who has asserted his rights under USERRA. 38 U.S.C. § 4323(h)(1). It would be manifest injustice to tax Plaintiff the costs of litigation given the prohibition against such taxation nested in Federal law. *See Chance v. Dallas Cty. Hosp. Dist.*, 176 F.3d 294, 297 (5th Cir. 1999) ("Only costs not attributable to the filing and advancing of the USERRA claim may be taxed"). Here, the Bill fails to show costs not attributable to Plaintiff's USERRA claim and therefore cannot be allowed.

Finally, based on authorities set forth in the pages to follow, this Court should deny the Bill in full as to the taxing of costs and find that such taxation in this matter, where costs cannot be legitimately separated, is not appropriate.

**LAW AND ARGUMENT**

**I. The Court should disallow taxing costs to the Plaintiff in this USERRA case.**

This matter is purely a case brought pursuant to USERRA.[1] Notwithstanding the Court in this matter having to date disposed of all the

---

[1] Count III of Plaintiff's Amended Complaint cites Ga. Code Ann., § 38-2-280, et seq., (hereinafter OCGA), which fully incorporates by reference the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. §4301

claims to this action, costs are not to be assessed against the Plaintiff pursuant to Rule 54(d)(1) which provides for such prohibition. *Duncan v. Tyco Fire Prod., LP*, 2018 WL 11309912 (N.D. Ala., 2018) (There exists an exception to the rule allowing costs where a federal statute provides otherwise). Here, Plaintiff's action against Defendants relates wholly to his time in military service [ECF 14]. That is to say, had Plaintiff been promptly reemployed when he returned to Nabors after completion of his Annual Training on July 27, 2019, inter alia, the current action would not have been necessitated.[2]   As such, he brought this action pursuant to the Uniformed Services Employment and Reemployment Rights Act.

USERRA provides under its enforcement provision that "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter." 38 USC 4323(h)(1). This has been presumed throughout the years to apply to any cost shifting analysis as it pertains to a USERRA plaintiff.[3] Plaintiff is entitled to be free from the burden of carrying Defendant's cost in

---

[2] Snyder dep. 15:5-10. Plaintiff's termination was conveyed to him after he made application for reemployment by "text[ing] Ronnie seeing when I could pick up my truck…[t]hat's when I got told I was terminated." 20 CFR § 1002.118.

[3] *Amendola v. Mayo Foundation for Medical Educ. and Research*, 2010 WL 2697114 (D. Minn. 2010)(vacating cost judgment that a clerk of court entered against losing USERRA plaintiff); Cf. *Chance v. Dallas County Hosp. Dist.*, 176 F.3d 294 (5th Cir. 1999)("The trial court must, therefore, closely examine the costs incurred a quo and separate out and tax to [the plaintiff] only those costs not related to his USERRA claim.")

this litigation. Accordingly, Defendant's motion is set to be denied.

## II. This Court should not allow costs against a USERRA Plaintiff where costs cannot be delineated among non-USERRA claims.

Pursuant to USERRA, this Court should disallow the taxing of costs against the Plaintiff. The prevailing standard requires a precise analysis as to the assessment of costs.[4] Where costs are equally attributable to defending against USERRA and non-USERRA claims, there does not exist a sufficient basis for permitting the recovery of costs. *Duncan*, 2018 WL 11309912 (N.D. Al., 2018). Here, the Court must require Defendants to delineate those costs accrued strictly, and costs which are attributable to USERRA may not be had.  To be sure, given the shear numerosity of USERRA claims in this case, it would be proper to attribute all costs to the prosecution of USERRA and therefore determine no costs taxable to the Plaintiff.

However, where capable of delineating costs, this Court should associate those costs taxable to Plaintiff which can be logically separated from costs arising from the prosecution of USERRA claims. The Bill which Defendant filed relates purely to the USERRA claims, fails to identify non-USERRA costs, and cannot be allowed.

---

[4] *Chance*, 176 F.3d 294 (5th Cir. 1999); *See also Lisdahl v. Mayo Foundation for Medical Education and Research*, 2010 WL 11534353 (D. Minn. 2010)(awarding no costs where such costs cannot be delineated among claims); *Cf. Brinkley v. Dialysis Clinic*, 2006 WL 566799 (M.D. Ala. 2006)(awarding costs specifically not attributable to Plaintiff's USERRA claim).

Plaintiff maintains his objection that the costs in this matter are inseparable and should not be parsed to tax any costs against Plaintiff.

## CONCLUSION

Accordingly, based on authorities set forth above, respectfully, this Court should deny Defendant's motion.

Respectfully submitted this 28th day of March, 2022.

<u>**/s/ Thomas L. Dickens III**</u>
THOMAS L. DICKENS, Esq.
Fla. Bar No. 063867
PRO HAC VICE
Morgan & Morgan, P.A.
20 North Orange Avenue, 15th Floor
Orlando, FL 32802-4979
Tel.: (407) 428-6241
Fax: (407) 245-3342
Email:  tdickens@forthepeople.com
mfermaint@forthepeople.com

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing has been furnished to all counsel of record by CM/ECF this 28th day of March, 2022.

<u>/s/ Thomas L. Dickens, III</u>
Thomas L. Dickens, III