UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH SNYDER,<br><br>          Plaintiff,<br>v.<br><br>NABORS GARAGE DOORS, LLC, et al.,<br><br>          Defendants. | CIVIL ACTION FILE NO:<br><br>1:20-cv-02101-TCB |

**UNOPPOSED MOTION FOR INDICATIVE RULING TO EFFECT
TERMS OF SETTLEMENT**

The parties hereby provide notice of their settlement of all matters in dispute, subject to this Court's willingness to take certain action necessary to effectuate the settlement. Accordingly, pursuant to Rule 62.1 of the Federal Rules of Civil Procedure, Plaintiff JOSEPH SNYDER, herein files his Unopposed Motion for Indicative Ruling to Effect Terms of Settlement in order to request an indicative ruling that the Court will, upon remand from the Eleventh Circuit Court of Appeals, proceed with such requested action.

While on appeal, the parties participated in mediation discussions in accordance with Eleventh Circuit authority, and they reached a settlement agreement, the terms of which require certain action by this Court. Specifically, one of the terms of settlement is the subject motion requesting vacatur of this Court's

determination of the parties' individual dispositive motions [D.E. 50] and Plaintiff states as follows in support of his motion.

## MEMORANDUM OF LAW

### I.   SUMMARY OF THE ARGUMENT

Plaintiff Joseph Snyder through his counsel, files this Memorandum in support of his Unopposed Motion for Indicative Ruling, citing specifically the equity principles codified under the Uniformed Services Employment and Reemployment Rights Act.  38 U.S.C. 4323(e); *see also Sorenson v. Delta Air Lines, Inc.*, 2018 WL 11337604 (N.D. Ga. Feb. 16, 2018) citing to *Hill v. Michelin N. Am., Inc.*, 252 F.3d 307, 312-13 (4th Cir. 2001) ("Because USERRA was enacted to protect the rights of veterans and members of the uniformed services, it must be broadly construed in favor of its military beneficiaries"). Further, this Court has authority to preliminarily rule on vacatur in accordance with longstanding judicial precedence. *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950); *see also Radian Guar., Inc. v. Whitfield*, 553 U.S. 1091, 128 S. Ct. 2901, 171 L. Ed. 2d 839 (2008) ("Judgment vacated, and case remanded…with instructions to dismiss the case as moot").[1]

---

[1] The equity principals cited in the line of cases involving vacatur necessarily relate, inter alia, to ensuring that the ruling in one matter does not necessarily apply more broadly to the entire class.

## II.     INTERVENING RULING

Plaintiff intends to apprise the Court of an intervening ruling which serves to echo the longstanding policy matters codified in the USERRA. In June 2022, the Supreme Court of the United States held in favor of veterans on the matter of sovereign immunity in cases against state actors. *Torres v. Texas Dep't of Pub. Safety*, 142 S. Ct. 2455 (2022). In so ruling, the High Court recited the litany of support for the purpose of USERRA.

> Congress has "broad and sweeping" power "to raise and support armies." *United States v. O'Brien*, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672, 677 (1968). It [Congress] has long exercised that power to encourage service in the Armed Forces in a variety of ways. *See, e.g., Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*, 126 S.Ct. 1297 (2006) (campus recruiting); *Johnson v. Robison*, 94 S.Ct. 1160 (1974) (educational benefits). Since before the United States' entry into World War II, Congress has sought, in particular, to smooth volunteers' reentry into civilian life by recognizing veterans' "right to return to civilian employment without adverse effect on. . . career progress" in the federal work force and private employment. H. R. Rep. No. 105–448, p. 2 (1998); see Selective Training and Service Act of 1940, §§ 8(b)(A)–(B), (e), 54 Stat. 890, 891 (damages remedy against private employers).
> *Torres*, 142 S. Ct. 2455, 2460.

The Torres Court went on to note that USERRA is an exercise of Congressional power to ensure the Nation's victories in War. *Torres*, 142 S. Ct. 2455, 2464. The Order by this Court restricts that purpose by relying almost solely on a ruling from a federal district court in Iowa which had not been strictly followed in nearly twelve

years.[2]

This Court's ruling will necessarily decrease the burden on future employers of veterans to prove their affirmative defenses to statutory reemployment.[3] As a matter of equity, Plaintiff requests the Court consider allowing him to brief the full reasoning behind his request for vacatur thereby permitting him to move the Court above for a remand in light of the same.

## CONCLUSION

Plaintiff seeks a ruling from this Court with allowance to fully brief the reasoning giving rise to the nature of his motion for the vacatur of this Court's previous ruling on summary judgment.

---

[2] *Hays v. Commc'n Techs., Inc.*, 753 F. Supp. 2d 891, 898 (S.D. Iowa 2010)

[3] D.E. 54 citing to *Milhauser v. Minco Prod., Inc.*, 855 F. Supp. 2d 885, 893 (D. Minn.), aff'd, 701 F.3d 268 (8th Cir. 2012) as supporting the result in *Hays*; however, a review of the procedural history in *Milhauser* reveals that the matter was sent to a jury and to the interrogatory regarding affirmative defenses, the jury answered in the negative. *See* 855 F. Supp. 2d at 903 ("jury concluded…that Minco did not prove its affirmative defense of impossibility or unreasonableness").

WHEREFORE, Plaintiff respectfully requests that the court grant Plaintiff's Motion for Partial Summary Judgment as against each Defendant.

Respectfully submitted this 16th day of September, 2022.

>/s/ THOMAS L. DICKENS*
>Thomas L. Dickens, III,  Esq. – *PRO HAC VICE*
>Florida Bar No.: 063687
>MORGAN AND MORGAN, P.A.
>20 N. Orange Avenue, Suite 1600
>Telephone: (407) 420-1414
>Facsimile: (407) 204-2208
>Email:  tdickens@forthepeople.com

>***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and complete copy of this document was delivered by electronic service to counsel of record this 16th day of September, 2022.

>*/s/ THOMAS L. DICKENS*
>Thomas L. Dickens, III,  Esq. – *PRO HAC VICE*
>Florida Bar No.: 063687
>MORGAN AND MORGAN, P.A.
>20 N. Orange Avenue, Suite 1600
>Telephone: (407) 420-1414
>Facsimile: (407) 204-2208
>Email:  tdickens@forthepeople.com

>***Attorneys for Plaintiff***