UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH SNYDER,<br><br>        Plaintiff,<br>v.<br><br>NABORS GARAGE DOORS, LLC, et al.,<br><br>        Defendants. | CIVIL ACTION FILE NO:<br><br>1:20-cv-02101-TCB |

## MOTION FOR VACATUR

Plaintiff, JOSEPH SNYDER, after attendance at mediation by the parties, filed his Motion for Indicative Ruling to Effect Terms of Settlement [D.E. 64] wherein Plaintiff laid out the equitable tenets of the argument to be made on his intended Motion for Vacatur as articulated herein. This Court then granted Plaintiff's Motion [D.E. 65], therein directing Plaintiff to file his Motion for Vacatur. Plaintiff alerts the Court that the below arguments are those espoused in his original motion and Plaintiff prayerfully requests that this Court grant the motion thereby vacating the Order previously entered on summary judgment [54].

## MEMORANDUM OF LAW

**I.   SUMMARY OF THE ARGUMENT**

The determination of whether the discretion to vacate should be exercised "is an equitable one," that depends on what disposition would be "most consonant to justice." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, (1994).

Plaintiff Joseph Snyder, in previously filing his Unopposed Motion for Indicative Ruling to Effect Terms of Settlement, cited specifically the equity principles codified under the Uniformed Services Employment and Reemployment Rights Act. 38 U.S.C. 4323(e); *see also Sorenson v. Delta Air Lines, Inc.*, 2018 WL 11337604 (N.D. Ga. Feb. 16, 2018) citing to *Hill v. Michelin N. Am., Inc.*, 252 F.3d 307, 312-13 (4th Cir. 2001) ("Because USERRA was enacted to protect the rights of veterans and members of the uniformed services, it must be broadly construed in favor of its military beneficiaries").

Further, this Court has authority to rule on vacatur in accordance with longstanding judicial precedence. *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950); *see also Radian Guar., Inc. v. Whitfield*, 553 U.S. 1091, 128 S. Ct. 2901, 171 L. Ed. 2d 839 (2008) ("Judgment vacated, and case remanded…with instructions to dismiss the case as moot").[1] Plaintiff pled with this Court that through its graciousness could serve the equitable principles cited in the USERRA law which was designed to protect veterans by ensuring that its ruling be applied only to the case at bar and not to any further cases subsequently arising under the same statute.

To be sure, the order on summary judgment by this Court necessarily will decrease the right of access to judicial review for veterans should it be applied in subsequent cases. The ruling relies almost solely on the decision in *Hays v. Commc'n Techs., Inc.*, a federal district court in Iowa, and that determination had not been strictly followed in nearly twelve years. 753 F. Supp. 2d 891, 898 (S.D. Iowa 2010).

---

[1] The equity principles cited in the line of cases involving vacatur necessarily relate, inter alia, to ensuring that the ruling in one matter does not necessarily apply more broadly to the entire class.

This Court also went on to cite to *Milhauser v. Minco Prod., Inc.*, for the premise that the ruling in that case supported the result in *Hays*. 855 F. Supp. 2d 885, 893 (D. Minn.), aff'd, 701 F.3d 268 (8th Cir. 2012). That is not precisely what the *Milhauser* court did. *Id*. A review of the procedural history in *Milhauser* reveals that the matter <u>went to a jury</u> and to the interrogatory regarding affirmative defenses, the jury answered in the negative. *See* 855 F. Supp. 2d at 903 ("jury concluded…that Minco did not prove its affirmative defense of impossibility or unreasonableness").

This Court's ruling on summary judgment will necessarily decrease the burden on future employers of veterans to prove their affirmative defenses to statutory reemployment should it be applied to subsequent cases. As a matter of equity, Plaintiff prayerfully requests the Court vacate its order on summary judgment, and as previously noted in his prior filing wherein Plaintiff impressed upon this Court the equity related in the Supreme Court's ruling on a recent USERRA matter, fairness requires such action in order to ensure that the legislative intent in passing the law is carried out. *Torres v. Texas Dep't of Pub. Safety*, 142 S. Ct. 2455 (2022) (restating that "Congress has 'broad and sweeping' power 'to raise and support armies,'" citing to *United States v. O'Brien*, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672, 677 (1968).

To be sure, Congress' intent in passing USERRA is to use the law as a recruiting tool in what has necessarily become an all-volunteer force. *See, e.g., Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*, 126 S.Ct. 1297 (2006) (campus recruiting); *Johnson v. Robison*, 94 S.Ct. 1160 (1974) (educational benefits). This Court's ruling will serve to hamstring that legislative intent by

making it easier for employers to simply devise a reason for failing to properly reemploy a veteran upon his return from active duty service. It is noteworthy, of course, that in its order, the Court cited to the one instance—*in Iowa*—wherein another Court had taken a similar action. This necessarily expands the defenses to USERRA, which Congress, and subsequent Courts, have determined should be narrowly construed *against* employers. *See e.g. Hill v. Michelin N. Am., Inc.*, 252 F.3d 307, (4th Cir. 2001) Certainly, it is by grace that no other court prior this decision has so resoundingly affirmed the *Hays* court, merely citing to it as a reference. To be sure, it would lead to a manifest injustice to allow the ruling in this matter to apply to any subsequent cases and therefore, Plaintiff respectfully and prayerfully requests this Court to vacate the Order that it entered on summary judgment [54].

## CONCLUSION

Plaintiff herein prayerfully request for the vacatur of this Court's previous ruling on summary judgment.

WHEREFORE, Plaintiff respectfully requests that the court grant Plaintiff's Motion for Partial Summary Judgment as against each Defendant.

Respectfully submitted this 28th day of September, 2022.

>*/s/ THOMAS L. DICKENS, III*
>Thomas L. Dickens, III, Esq. – PRO HAC VICE
>Florida Bar No.: 063687
>Law Office of Marie A. Mattox
>203 N. Gadsden Street
>Tallahassee, FL 32301
>Telephone: (850)383-4800
>Facsimile: (850) 383-4803
>Email: thomas.dickens@mattoxlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and complete copy of this document was delivered by electronic service to counsel of record this 28th day of September, 2022.

                         */s/ THOMAS L. DICKENS, III*
                         Thomas L. Dickens, III, Esq. – PRO HAC VICE
                         Florida Bar No.: 063687
                         Law Office of Marie A. Mattox
                         203 N. Gadsden Street
                         Tallahassee, FL 32301
                         Telephone: (850)383-4800
                         Facsimile: (850) 383-4803
                         Email: thomas.dickens@mattoxlaw.com